IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RUTH NELSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 2:13-cv-0147-MEF-TFM |
| v. ) | (WO - Do Not Publish) |
| ) | |
| DOUGLAS TOZZI, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### **ORDER**

Before the court is Defendants Douglas Tozzi ("Tozzi"), Rainey Shane ("Shane"), and Janet McCurry's ("McCurry") (collectively, "Defendants") Motion to Dismiss (Doc. #4) the complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. Plaintiff Ruth Nelson ("Plaintiff") has filed a response in opposition to the motion. (Doc. #13.) For the following reasons, the Court finds that the motion is due to be GRANTED.

### **I. BACKGROUND**

Plaintiff filed her complaint on March 7, 2013. (Doc. #1.) According to the complaint, Plaintiff is a resident of the State of Alabama. She summarizes her complaint as follows:

> Plaintiff resides in this jurisdiction and as the defendant in the case, which stems from a case brought wrongfully in another jurisdiction, plaintiff seeks relief for violations of federal statutes which this court has jurisdiction over as well as correction of the original case that has caused this case and the removal of that case to this jurisdiction. This case is in the State Courts of Georgia, while the plaintiff has resided in the State of Alabama since prior to the case being filed wrongly in the courts of Georgia. This case is now in the Georgia Supreme Court . . . . Plaintiff has been continually harassed, hardshipped and

> threatened with seizure of property, as well as had her contracting business destroyed by a fraudulent claim against her and continuing legal proceedings by an unscrupulous attorney who has wrongly filed documents, knowingly without taking proper procedures to allow due process of law. This case ought to have been filed in this jurisdiction originally by the defendants, should they have had a case. They had no rights to any claim due to the subrogation of rights and payments through a bank loan to which the contractor was also subrogated and insured the bank against any claim. The case was illegally brought. This case also involves criminal activity by the defendants.

(Doc. # 1.)

As best the Court can tell, the dispute described in the complaint concerns enforcement of a construction contract that Plaintiff entered into as a builder in 2004. The contract called for Plaintiff to construct a house on a parcel of land in Fulton County, Georgia. Defendants Shane and McCurry were the contracting homeowners. Plaintiff alleges that Shane and McCurry wanted her to deviate from the contract and "to violate her contract with the bank/construction loan requirement[,]" which she refused to do. (Doc. #1.) Shane and McCurry retained Defendant Tozzi to pursue legal remedies against Plaintiff. Tozzi filed suit in the state courts of Georgia and, as described in the complaint, effected notice of suit on Plaintiff by publication. Defendants obtained a default judgment against Plaintiff in 2007. At some point, Defendants' efforts to enforce the default judgment caused Plaintiff to file an appeal in the Court of Appeals of Georgia. Plaintiff's appeal was dismissed on September 18, 2012. Her subsequent motion to reconsider was dismissed as untimely on January 7, 2013. She then filed a petition for certiorari review in the Georgia

Supreme Court, which was pending at the time she filed the instant federal complaint.[1]

The complaint is mostly vague and conclusory about the causes of action alleged against Defendants. Without citing to specific statutes, Plaintiff appears to assert the following claims against Defendants: "Violation of Anti-Slavery laws, Lack of Due Process of Law, Lack of Jurisdiction and deliberate wrongdoing by officers of the law and unfair court system for Pro Se Litigants." (Doc. #1.)

Defendants filed their motion to dismiss (Doc. # 4) on April 4, 2013. They argue that dismissal is warranted pursuant to Fed. R. Civ. P. 12(b)(1) because the court lacks subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2) because the court lacks personal jurisdiction over Defendants, and pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff has failed to state a claim upon which relief could be granted. Plaintiff filed a response (Doc. # 13) to the motion on May 28, 2013.

## II.  STANDARD OF REVIEW

Because the court finds that Plaintiff has failed to establish a *prima facie* case of personal jurisdiction over the non-resident Defendants, the court will address Defendants' argument pursuant to Rule 12(b)(2) only. In considering a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2), the district court accepts as true the allegations of the complaint. *See Stubbs v. Wyndham Nassau Resort and Crystal Palace*

---

[1] The Supreme Court of Georgia's website's publicly accessible docket files indicate that the petition for certiorari review in *Nelson v. Shane, et al.,* case no. S13C0768, was denied on June 3, 2013. *Available at* http://www.gasupreme.us/docket_search/results_one_record.php?caseNumber=S13C0768 (last visited on March 17, 2014).

*Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006). Plaintiff has the initial burden of alleging in her complaint sufficient facts to establish a *prima facie* case of personal jurisdiction. *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.,* 593 F.3d 1249, 1257 (11th Cir. 2010). "'A *prima facie* case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict.'" *Stubbs*, 447 F.3d at 1360 (quoting *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002)). If plaintiff presents a *prima facie* case of personal jurisdiction, defendants may present evidence, via affidavit or otherwise, to contradict plaintiff's jurisdictional allegations. In that instance, "the burden shifts back to the plaintiff to produce evidence supporting personal jurisdiction[.]" *Id.*

### III. DISCUSSION

As an initial matter, the Court finds that Plaintiff has failed to properly allege the basis for this Court's jurisdiction. She appears to assert both federal question jurisdiction (Doc. #1, "This court has jurisdiction of this case, which involves questions of the United States Constitution."), and diversity jurisdiction (Doc. #1, "This case is in excess of $75,000 and involves litigants who are residents of more than one state."). In any event, whether jurisdiction is premised on federal question or diversity, the Court must be able to exercise personal jurisdiction over Defendants consistent with the principles of due process and, given Plaintiff's charge that she is a citizen of Alabama and Defendants are not, Alabama's long-arm statute.

The Eleventh Circuit has described the Court's inquiry on questions of personal jurisdiction in Alabama as follows:

4

> Personal jurisdiction generally entails a two-step inquiry. First, we determine whether the exercise of jurisdiction is appropriate under the forum state's long-arm statute. *See Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996). Second, we examine whether exercising jurisdiction over the defendant would violate the Due Process Clause of the Fourteenth Amendment, which requires that the defendant have minimum contacts with the forum state and that the exercise of jurisdiction not offend "traditional notions of fair play and substantial justice." *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). In this case, the two inquiries merge, because Alabama's long-arm statute permits the exercise of personal jurisdiction to the fullest extent constitutionally permissible. *See* Ala. R. Civ. P. 4.2(b); *Sieber v. Campbell*, 810 So.2d 641, 644 (Ala. 2001).

*Sloss Industries Corp. v. Eurisol*, 488 F.3d 922, 925 (11th Cir. 2007). Thus, the Court must first determine whether Plaintiff has sufficiently alleged a *prima facie* case that Defendants may be subject to personal jurisdiction in this Court consistent with the principles of due process.

At its core, due process requires that, in order to subject a non-resident to personal jurisdiction,

> it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. This purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person. Accordingly, [e]ach defendant's contacts with the forum State must be assessed individually, and [t]he unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State.

*Avocent Huntsville Corp. v. Aten Intern. Co., Ltd.,* 552 F.3d 1324, 1329 (11th Cir. 2008) (internal citations and quotation marks omitted).

The nature of the non-resident Defendants' "contacts" with Alabama, then, are

5

essential in resolving the personal jurisdiction inquiry. There are two theories under which a court might exercise personal jurisdiction over non-resident defendants. "Specific jurisdiction arises out of a party's activities in the forum that are related to the cause of action alleged in the complaint." *Consolidated Dev. Corp. v. Sherritt, Inc.,* 216 F.3d 1286, 1291 (11th Cir. 2000). In order for a court to exercise specific personal jurisdiction, the non-resident defendant must have "'purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Id.* (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). "General personal jurisdiction, on the other hand, arises from a defendant's contacts with the forum that are unrelated to the cause of action being litigated. The due process requirements for general personal jurisdiction are more stringent than for specific personal jurisdiction, and require a showing of continuous and systematic general business contacts between the defendant and the forum state." *Id.* at 1292.

Defendants contend that they are not subject to personal jurisdiction in this Court. They argue as follows:

> Plaintiff has failed to plead or prove the citizenship of the Defendants as required for diversity jurisdiction. Plaintiff has also failed to allege that Defendants have had any contact with the State of Alabama or have ever visited this State. Moreover, all work and contacts incidental to the underlying state court judgment occurred in Georgia. Consequently, jurisdiction over the Defendants would offend traditional notions of fair play and substantial justice and Plaintiff's Complaint is due to be dismissed for lack of personal jurisdiction.

(Doc. # 4.)

Defendants are correct. Even under the less stringent test for specific jurisdiction, Plaintiff's allegations fail to state even a *prima facie* case of personal jurisdiction over the non-resident Defendants, and she has not presented enough evidence to survive a directed verdict on the issue.

> The minimum-contacts test for specific jurisdiction has three elements. First, the defendant must have contacts related to or giving rise to the plaintiff's cause of action. Second, the defendant must, through those contacts, have purposefully availed itself of forum benefits. Third, the defendant's contacts with the forum must be such that it could reasonably anticipate being haled into court there.

*Fraser v. Smith*, 594 F.3d 842, 850 (11th Cir. 2010). Plaintiff does not allege that Defendants conducted any activities in Alabama or otherwise have established contacts in Alabama related to or giving rise to Plaintiff's cause of action. She does not allege that Defendants have purposefully availed themselves of any of the protections of Alabama law in relation to any cause of action she alleges in the complaint.[2] Nor is there any allegation in the complaint establishing that Defendants might reasonably anticipate being haled into court in Alabama.

---

[2] At one point in the complaint Plaintiff alleges that Defendants have "applied for an alias FIFA seeking to seize property from the plaintiff[,]" which they sent "to her home address in Alabama." (Doc. # 1.) Assuming that Plaintiff is referring to a writ of *fieri facias*, by which a lien has been levied against some personal or real property of hers, the complaint does not allege that Defendants procured the writ in Alabama, or that they have otherwise availed themselves of the protections of Alabama law in seeking the writ. Indeed, Plaintiff's response to the motion to dismiss indicates that the "FIFA" was obtained in the State Courts of Georgia while her case was "under appeal," which she interprets as "evidence of injustice in spite of the lack of due process of law" in Georgia's courts. (Doc. # 13.) As such, the complaint still fails to allege that Defendants have purposely availed themselves of any forum benefits or protections, and the mere act of mailing a document to Plaintiff in Alabama, assuming the "FIFA" was mailed by Defendants, does not suffice as a minimum contact for purposes of finding jurisdiction.

At bottom, the complaint makes clear that this case involves homeowners who contracted in Georgia for the construction of a home in Georgia, a contractor who agreed to build the home in Georgia, an attorney practicing in Georgia who represented the homeowners in a state court legal proceeding against the contractor in Georgia, and plaintiff's aggrievement with the legal procedures and rules of the State Courts of Georgia. Plaintiff's only apparent predicate for asserting jurisdiction in the courts of Alabama appears to be her allegation that she now resides in Alabama. *See* Compl. (Doc. # 1) at 3 ("Plaintiff seeks that this case be heard entirely, de novo in the circuit court of the Middle District of Alabama where plaintiff resides and which should have had jurisdiction of this case from the outset."). However, even assuming the veracity of this minimal allegation, Plaintiff has not established a *prima facie* case of personal jurisdiction over Defendants given her failure to wholly allege any minimum contacts between Defendants and Alabama.

The most the complaint can be construed as having alleged about Defendants' activities directed at Alabama is that they prosecuted a legal case in the state courts of Georgia while plaintiff resided in Alabama.[3] However, it appears indisputable that, all of

---

[3] Plaintiff does not even allege that she resided in Alabama at the time she contracted with Shane and McCurry. Documents she attached to her complaint, including the contract itself, indicate that at the time of the contract she used a local Georgia address as her business address. Moreover, presumably as proof of her current residency, Plaintiff attached a copy of a lease agreement for an Alabama residence which she began leasing on February 1, 2006, more than a year after she entered the contract with Shane and McCurry. However, even if Plaintiff had alleged that Defendants contracted with her while she resided in Alabama, such an allegation would still be insufficient to subject Defendants to personal jurisdiction in this court. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985) (finding that "an individual's contract with an out-of-state party *alone*" does not "automatically establish sufficient minimum contacts in the other party's home forum");
(continued...)

8

Plaintiff's hyperbole about fraud, slavery, and criminal conduct notwithstanding, the state court suit prosecuted by Defendants in Georgia was predicated on principles of state contract law and concerned the actions of the parties committed in Georgia. In any event, Plaintiff cannot establish jurisdiction in the forum State through her own unilateral action by, for instance, moving to Alabama at some point during the course of her dispute with Defendants. *See Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc.*, 207 F.3d 1351, 1356 (11th Cir.2000) (citing *Hanson*, 357 U.S. at 253) ("Furthermore, it is important to remember that the conduct at issue is that of the defendants. No plaintiff can establish jurisdiction over a defendant through his own actions.").

There simply are no allegations in the complaint indicating any of the kinds of actions by the Defendants in Alabama which have been recognized as sufficient to state a *prima facie* case of personal jurisdiction. *See, e.g., United Technologies Corp. v. Mazer*, 556 F.3d 1260, 1276 (11th Cir. 2009) (finding complaint's allegations that agent of corporate defendant lived in the forum State, conducted business with plaintiff within the forum State, performed contract duties in the forum State, and committed tortious acts within the forum State sufficient to state a *prima facie* case of personal jurisdiction). By contrast, Plaintiff's complaint describes a contractual relationship which she entered into with Georgia residents in the State of Georgia, a dispute about her performance under the contract in Georgia, and

---

[3](...continued)
*Diamond Crystal Brands, Inc.*, 593 F.3d at 1268 ("[I]t is settled that entering a contract with a citizen of another state, standing alone, does not automatically satisfy the minimum contacts test.").

a resulting legal action in Georgia.  Because there are no allegations in the complaint that Defendants conducted any activities in, or purposefully directed any of their activities toward, the State of Alabama, the complaint does not sufficiently allege even a *prima facie* case of personal jurisdiction over the non-resident Defendants and is, therefore, due to be dismissed.

## IV.  CONCLUSION

For the reasons stated above, it is hereby ORDERED that Defendants' Motion to Dismiss (Doc. # 4) pursuant to Fed. R. Civ. P. 12(b)(2) is GRANTED, and this case is dismissed without prejudice for lack of personal jurisdiction over Defendants.

DONE this the 24th day of March, 2014.

                                                           /s/ Mark E. Fuller
                                               UNITED STATES DISTRICT JUDGE